1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  MICHAEL ANTHONY MILLER,      )  Case No.: 1:12-cv-01589-LJO-BAM PC
                                    )

12             Plaintiff,      )  ORDER DISMISSING COMPLAINT WITH
                                      )  LEAVE TO AMEND

13        v.                   )  (ECF Nos. 1, 8.)
                                      )

14  EDMUND G. BROWN, et. al.,      )
                                      )  THIRTY-DAY DEADLINE

15             Defendants.     )
                                      )

16  _____)

17       Plaintiff Michael Anthony Miller ("Plaintiff") is a state prisoner proceeding pro se in this civil

18  rights action pursuant to 42 U.S.C. § 1983.  Plaintiff also asserts a federal RICO claim pursuant to 18

19  U.S.C. § 1961.  Plaintiff initiated this action in the Sacramento Division of the United States District

20  Court for the Eastern District of California on May 3, 2012.[1]  (ECF No. 1.)  The action was transferred

21  to the Fresno Division of this court on September 27, 2012.  (ECF No. 15.)    Plaintiff's complaint is

22  now before this court for screening.

23      **I.**      **Screening Requirement**

24       The court is required to screen complaints brought by prisoners seeking relief against a

25  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

26

27       [1]     Plaintiff's original complaint contained pages with lined-through sentences that could not be deciphered.  Plaintiff
replaced the defective pages on June 8, 2012, explaining that the copy machine was broken at the time the complaint was
filed.  (ECF No. 8.)  Plaintiff requests that the court take judicial notice of the corrected pages.  (ECF No. 9.)  The court has

28  incorporated the corrected pages in its screening of the complaint, and the request for judicial notice is unnecessary.

1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  However, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Plaintiff's Claims

Plaintiff is currently incarcerated at Kern Valley State Prison.  Plaintiff names thirty-seven different defendants, including Governor Edmund G. Brown, State Attorney General Kamala Harris, Los Angeles County District Attorney Steve Cooley, Division Five Second Appellate District judges Teri Schwartz, Marry House, D. Franson and J. Byrne, peace officers and medical employees of the California Department of Corrections and Rehabilitation, Atascadero State Hospital, Employees of Atascadero State Hospital Lee Portor, B. Proctor, Linda Arenson and T. Olmas, State Inspector

General, State Parole Hearing Board and Los Angeles County attorneys Gigi Gordon and James Bisnow.   (ECF No. 1, ¶¶ 6-17.)

The Court summarizes Plaintiff's allegations, which are disjointed and unclear, as follows: Plaintiff was arrested and charged with attempted murder in Van Nuys Superior Court Case No. A961175.  A jury acquitted Plaintiff, but a rogue judge sentenced him to prison under the pretense that the jury found Plaintiff guilty for certain crimes that are being used as strikes.  While Plaintiff was serving his prison term for attempted murder, Plaintiff exposed blood sports and false labeling by rogue prison officials and mental health doctors.  As reprisal, they caused Plaintiff to be falsely imprisoned at Atascadero State Hospital from February 1997 to July 1998.  While there, Plaintiff was a victim of rape by Defendants Proctor and Porter, along with other sexual predator females that Plaintiff reported to San Luis Obispo Court.  Judge C. Money heard tape recording proof witnessed by Defendants Arenson and Olmas.  Plaintiff was ordered to be released.

Plaintiff was stalked by Defendant Proctor from 1998 to 2000.  Plaintiff reported to a parole agent that Defendant Proctor was one of the sexual predator females who had raped Plaintiff, but Plaintiff was forced to marry Defendant Proctor to avoid false terrorist threats that Defendant Proctor continued to make, guaranteeing that Plaintiff would be falsely imprisoned if he continued to report her.  Defendant House ordered Plaintiff's home sold without his consent.

Plaintiff alleges that he has been housed a various facilities for more than eleven years.  He asserts that he was falsely imprisoned based on certain fabricated charges.  While he was held at Pleasant Valley State Prison, Defendant C. Hendricks escorted Plaintiff to his assigned cell.  Defendant Hendricks pulled the link of his cuff to try and get a reaction.  As a result, Plaintiff's wrists were bruised and he sustained abrasions.  When Plaintiff complained, Defendant Hendricks became violent, yelled at Plaintiff to get down and pepper sprayed Plaintiff.  Plaintiff alleges that Defendant Kane tried to cover up by falsifying a medical injury report and claiming that Plaintiff sustained no injuries.  Plaintiff alleges that Senior Officer McBride confirmed Plaintiff's injuries, but Defendants Allison, Tann, Bartz, Smith, Webster, Hildreth, Faulker, Yates, Kernan, Fisher, Hann, and Akins joined minds to cover up the assault by authorizing Plaintiff to be held in a segregation unit, exposing

1   him to Valley Fever, transferring him to Kern Valley Prison and forcing him to drink arsenic water

2   from May 11, 2011, to the date of this complaint.

3        Plaintiff alleges that he arrived at Kern Valley Prison on May 11, 2011, and discovered that he

4   was labeled a mental disordered violent prison with single cell status as ordered by prison mental

5   health doctors.  Defendant Sherill provided a false chrono report claiming that there was no such

6   record and caused Plaintiff to be double cell cleared.  This was intended to cause Plaintiff to engage in

7   blood sports and having officers tell him to murder cellmates.

8        Plaintiff alleges that over $400 worth of legal books and other personal property was admitted

9   lost and destroyed during transfer from Pleasant Valley Prison to Kern Valley Prison.  Defendants

10  Plunket, Tann, and Allison refused to provide replacement or compensation for Plaintiff's lost and

11  destroyed property.  Plaintiff asserts that he served commercial affidavit allegations on Defendants

12  Cooley, Brown, Becker, Kernan and others.

13       Plaintiff asserts causes of action for: (1) violation of RICO; (2) property loss; (3) violation of

14  Bane Act; (4) violation of rape elimination act; (5) violation of the Unruh Act; (6) assault; (7) slander;

15  (8) false imprisonment; (9) negligence; (10) conspiracy; (11) misprision; (12) defamation; (13)

16  retaliation; (14) breach of duty; (15) exposure to hazardous conditions; (16) threat to safety; and (17)

17  fraud.  Plaintiff seeks compensatory and punitive damages and declaratory relief, along with an

18  injunction requiring a parole hearing and orders requiring Plaintiff's release.

19       **III.   Deficiencies of the Complaint**

20       Based on the disjointed nature of Plaintiff's complaint in contravention of Federal Rule of

21  Civil Procedure 8(a), along with allegations against thirty-seven different defendants for different and

22  various claims in contravention of Federal Rule of Civil Procedure 18, Plaintiff's complaint will be

23  dismissed without prejudice and with leave to amend.  To assist Plaintiff in amending his complaint,

24  Plaintiff is provided the applicable pleading and legal standards.

25       **A.  Pleading Requirements**

26       **1.   Federal Rule of Civil Procedure 8(a)**

27       Pursuant to Rule 8, a complaint must contain "a short and plaint statement of the claim

28  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  As noted above, detailed factual

4

allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is disjointed, rambling and difficult to understand.  If Plaintiff chooses to amend his complaint, he should endeavor to make it as straightforward and concise as possible. Plaintiff should state clearly which of his rights he believes were violated and how those rights were violated by defendants.

## 2.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

In his complaint, Plaintiff failed to identify and clearly link multiple defendants to the causes of action alleged.  Rather, Plaintiff makes several conclusory statements regarding an alleged joining of minds by multiple defendants.  Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's rights.

///

///

### 3.   Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, cross-claim, or third-party claim, may join, as independent or alternative claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir.2007) (citing 28 U.S.C. § 1915(g)).

Plaintiff's claims do not appear related as they involve multiple incidents at multiple facilities over a period of several years.  For example, Plaintiff appears to allege that Defendant Hendricks assaulted him at Kern Valley State Prison in one cause of action and appears to allege that Defendants Proctor and Schwartz violated the Rape Elimination Act at Atascadero State Hospital in an unrelated cause of action.  That Plaintiff claims he was falsely incarcerated does not provide a basis for asserting unrelated claims against different defendants in a single suit.  If Plaintiff chooses to file an amended complaint, and it fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### B.  Claims for Relief

#### 1.  RICO

RICO allows a private citizen to sue to recover damages for injury by reason of a violation of section 1962, which prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity or through the collection of an unlawful debt. See 18 U.S.C. § 1962. To establish liability under RICO, the plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).

Plaintiff's rambling allegations related to false imprisonment fail to implicate any of the predicate acts for racketeering activity listed in 18 U.S.C. § 1961(1). See Clark v. Time Warner Cable, 523 F.3d 1110, 1116 (9th Cir. 2008) ("[T]o state a RICO claim, one must allege a "pattern" of

racketeering activity, which requires at least two predicate acts.") (citations omitted).  "[F]alse

imprisonment is not a business or property injury compensable under RICO." Lauter v. Anoufrievera,

642 F. Supp. 2d 1060, 1086 (C.D. Cal. 2008) (citation omitted).  Accordingly, Plaintiff has failed to

allege the necessary elements to support a cognizable RICO claim.

### 2.  Eighth Amendment – Conditions of Confinement

Although not entirely clear, Plaintiff's causes of action entitled "exposure to hazardous

conditions" and "threat to safety" related to Valley Fever and arsenic in the drinking water appear to

include a claim for violation of the Eighth Amendment.  The Eighth Amendment's prohibition against

cruel and unusual punishment protects prisoners from inhumane conditions of confinement.  Morgan

v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Prison officials therefore have a "duty to ensure

that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal

safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an

objectively serious deprivation that amounts to a denial of "the minimal civilized measure of life's

necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S.

337, 346 (1981)).  A prisoner must also show that prison officials acted with sufficiently culpable

states of mind in failing to satisfy their duties.  Farmer, 511 U.S. at 834.  Prison officials must have

acted with deliberate indifference.  Id.  A prison official is liable under the Eighth Amendment only if

he "knows of and disregards an excessive risk to inmate health and safety; the official must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,

and he must also draw the inference." Id. at 837.

In this case, Plaintiff alleges that he was exposed to Valley Fever and forced to drink water

containing arsenic.  However, Plaintiff does not clearly indicate if he in fact contracted Valley Fever

or whether he suffered any ill effects from the arsenic in his water.  Further, Plaintiff fails to allege any

facts demonstrating that any of the defendants acted with deliberate indifference.  Plaintiff's

conclusory statements are not sufficient.

///

///

7

### 3.  Eighth Amendment – Excessive Force

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id. at 7 (internal quotation marks and citations omitted).

Plaintiff appears to allege that Defendant Hendricks used excessive force by pulling Plaintiff's handcuffs and pepper spraying him.  However, Plaintiff fails to provide any facts regarding the circumstances surrounding the use of force.  As such, the Court is unable to determine whether it is plausible that Defendant Hendricks used force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.  Accordingly, Plaintiff fails to state a cognizable excessive force claim under the Eighth Amendment against Defendant Hendricks. See Iqbal, 129 S. Ct. at 1949.

### 4.  Conspiracy

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

For pleading purposes the court accepts as true the allegations in the complaint, but the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  A plaintiff must set forth "the grounds of his

entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 555 (internal quotations and citations omitted).

Plaintiff fails to allege any facts supporting the existence of a conspiracy between defendants. Plaintiff's conclusory statements and allegations are not sufficient. Further, in order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that defendants conspired to violate an underlying constitutional right.

### 5. False Imprisonment

The crux of Plaintiff's complaint is that he has been falsely imprisoned for approximately eleven years. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 .... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnote omitted); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (per curiam) ("Heck precludes a section 1983 claim based on actions which would render a conviction or sentence invalid where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus.") (internal quotation marks and citation omitted).

Plaintiff's assertions of false imprisonment in various state prisons for eleven years challenges the "fact or duration of [plaintiff's] confinement[.]" Heck, 512 U.S. at 481. Such allegations fall squarely within the category of "actions whose unlawfulness would render a conviction or sentence invalid[.]" Id. at 486; see also Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam) (concluding that Sixth Amendment claim of ineffective assistance of counsel brought under Section 1983 was precluded under Heck ). Thus, if Plaintiff prevailed on his Section 1983 claim against defendants, it "'would necessarily imply the invalidity of his conviction or sentence.'" Harvey,

1  210 F.3d at 1013 (quoting Heck, 512 U.S. at 487).  Accordingly, to the extent Plaintiff's claims in this

2  action imply the invalidity of his conviction or sentence, then he may not pursue them in this action

3  unless he can demonstrate that his conviction and sentence have been invalidated.  Although Plaintiff

4  claims that he was ordered released, he has not conclusively demonstrated that the relevant conviction

5  or sentence that he currently is serving has been invalidated.

### 6.  Retaliation

7  Within the prison context, a viable claim of First Amendment retaliation consists of five

8  elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because

9  of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

10  First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

11  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108,

12  1114 (9th Cir. 2012); Brodheim, 584 F.3d 1262, 1269 (9th Cir. 2009).

13  A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against

14  for exercising his constitutional rights and that the retaliatory action does not advance legitimate

15  penological goals, such as preserving institutional order and discipline."  Barnett v. Centoni, 31 F.3d

16  813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech,

17  but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the

18  plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct.

19  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

20  Here, Plaintiff alleges that defendants retaliated against him, but it not entirely clear what the

21  conduct forms the basis of this claim.  Plaintiff must identify the protected conduct and the adverse

22  action taken against him because of that conduct that provides the underlying basis for claim.  At

23  present, it is not clear from Plaintiff's complaint if he is alleging protected conduct based on his report

24  of rape, his report of blood sports, both of these or none of these.

### 7.  Personal Property Loss

26  Plaintiff challenges the loss or destruction of his personal property.  Prisoners have a protected

27  interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However,

28  while an authorized, intentional deprivation of property is actionable under the Due Process Clause,

see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 . Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that this personal property was lost or destroyed. However, Plaintiff fails to allege whether the loss was intentional. If so, Plaintiff's post-deprivation remedy would be found under California law, and Plaintiff would be required to show compliance with the California Tort Claims Act to pursue any state law tort claims against defendants.

**IV.    Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted. However, the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

Iqbal, 556 U.S. at 676.  Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678. (quoting Twombly, 550 U.S. at 555).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims.  Plaintiff also may not include unrelated claims against multiple defendants, Fed. R. Civ. P. 18(a), or assert claims barred by Heck v. Humphrey. Additionally, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit.  Accordingly, Plaintiff's amended complaint shall not exceed twenty-five (25) pages.

Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint that does not exceed twenty-five pages, within thirty (30) days from the date of service of this order; and

3.      If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.


IT IS SO ORDERED.

Dated:   __July 31, 2013__            ___/s/ Barbara A. McAuliffe___
                                      UNITED STATES MAGISTRATE JUDGE