UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MILLER,<br><br>  Plaintiff,<br><br>  v.<br><br>EDMUND G. BROWN, et. al.,<br><br>  Defendants. | Case No.: 1:12-cv-01589-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF PLAINTIFF'S MOTIONS FOR AN ORDER ENFORCING ADMINISTRATIVE JUDGMENT<br>(ECF Nos. 13, 19.)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Michael Anthony Miller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also asserts a federal RICO claim pursuant to 18 U.S.C. § 1961. Plaintiff initiated this action in the Sacramento Division of the United States District Court for the Eastern District of California on May 3, 2012. (ECF No. 1.) The action was transferred to the Fresno Division of this court on September 27, 2012. (ECF No. 15.)

Currently pending before the Court are the following: (1) Plaintiff's motion for an order enforcing administrative judgment filed on September 4, 2012; and (2) Plaintiff's motion for an order enforcing administrative judgment filed on December 3, 2012. As discussed below, the Court recommends that Plaintiff's motions be denied.

**I.  Motions for an Order Enforcing Administrative Judgment**

Plaintiff moves the Court for an order enforcing an Administrative Judgment that abated Pasadena Superior Court Case No. GA043414. Plaintiff asserts that the Pasadena Superior Court

1

judgment has been "used to effectuate Petitioner's false and illegal imprisonment." (ECF No. 19.) Plaintiff argues that the Parole Hearing Board ordered Plaintiff released on October 23, 2000, and ordered the Pasadena Superior Court case dismissed. Plaintiff reports that the dismissal was not appealed by the District Court or the Attorney General. Plaintiff believes that an order enforcing the administrative judgment is appropriate. (ECF No. 13.)

## II.  Discussion

Plaintiff filed his motion pursuant to Rule 70 of the Federal Rules of Civil Procedure. In relevant part, Rule 70 states:

> If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

Fed. R. Civ. P. 70(a). Rule 70 is only operative when a party refuses to comply with a judgment issued by the court. Cf. Contreraz v. Salazar, 2012 WL 280564, at *1 (S.D. Cal. Jan. 30, 2012) (declining to use Rule 70 as authority for contempt or sanctions where defendants failed to timely respond to amended complaint); Selectron Indus. Co., Inc. v. Selectron Intern., 2007 WL 5193735, at *2 (C.D. Cal. Sept. 25, 2007) (noting that Rule 70 did not apply because the court had not yet entered judgment in the matter). Here, there has been no judgment entered by the Court, so Rule 70 does not apply.

Further, Plaintiff essentially requests that this Court order his release from prison. A section 1983 action, such as this one, cannot be used to challenge an inmate's conviction or sentence. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005). Often referred to as the favorable termination rule, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis in original). Thus, "a state prisoner's § 1983 action is

barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2 (emphasis in original).  Here, Plaintiff's success on the instant motions would necessarily demonstrate the invalidity of Plaintiff's confinement or its duration.  As a result, Plaintiff's request for a court order enforcing the judgment is barred in this action.

Moreover, Plaintiff has been unable to provide any reliable evidence suggesting that he would be entitled to release.  In support of his motion, Plaintiff submitted exhibits purporting to be a Summary of Revocation Hearing and Decision of October 23, 2000, for a parole revocation held regarding Plaintiff.  (ECF No. 14.)  Included in the exhibits is a declaration from the Custodian of Records for the California Board of Parole Hearings, which states that the submitted document is a true copy of the record in the parole hearing.  (ECF No. 14, pp. 1-2.)  However, the purported transcript of the parole revocation hearing includes an excessive number of spelling and formatting errors, and the transcript itself is not signed or otherwise certified.  Based on its appearance and content, the Court does not find sufficient indicia of reliability to indicate that the transcript is a true and accurate copy of the revocation hearing.  Additionally, the Summary of Revocation Hearing and Decision form, which is included in Plaintiff's supporting exhibits, includes at least three different sets of handwriting.  These handwriting discrepancies call into question the authenticity of the document.[1]

### III.   Conclusion and Recommendation

For the reasons stated, the Court HEREBY RECOMMENDS as follows:

---

[1] At this time, the Court declines to make a finding that Plaintiff has submitted inaccurate or otherwise falsified documents or that Plaintiff has made factual contentions without evidentiary support.  However, Plaintiff is warned that all future filings are subject to Federal Rule of Civil Procedure 11.  Rule 11 provides that "[b]y presenting to the court a pleading, written motions, or other paper—whether by signing, filing, submitting, or later advocating it—an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . . [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ."  Fed. R. Civ. P. 11(b).  Rule 11(c) provides for the imposition of appropriate sanctions for the violation of Rule 11(b).  Fed. R. Civ. P. 11(c).  Accordingly, Plaintiff's failure to adhere to Rule 11 may result in the imposition of sanctions, including dismissal of this action.

1. Plaintiff's motion for an order enforcing administrative judgment, filed on September 4, 2012, be DENIED; and

2. Plaintiff's motion for an order enforcing administrative judgment, filed on December 3, 2012, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **August 2, 2013**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE