UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MILLER, | ) Case No.: 1:12-cv-01589-LJO-BAM (PC) |
| Plaintiff, | ) ORDER ADOPTIONG FINDINGS AND |
| v. | ) RECOMMENDATIONS REGARDING DENIAL |
| | ) OF PLAINTIFF'S MOTIONS FOR AN ORDER |
| EDMUND G. BROWN, et al., | ) ENFORCING ADMINISTRATIVE JUDGMENT |
| Defendants. | ) (ECF Nos. 13, 19, 21) |

Plaintiff Michael Anthony Miller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also asserts a federal RICO claim pursuant to 18 U.S.C. § 1961. Plaintiff initiated this action in the Sacramento Division of the United States District Court for the Eastern District of California on May 3, 2012. (ECF No. 1.) The action was transferred to the Fresno Division of this court on September 27, 2012. (ECF No. 15.)

On August 2, 2013, the Magistrate Judge issued Findings and Recommendations that Plaintiff's motions for an order enforcing administrative judgment, which were filed on September 4, 2012, and December 3, 2012, be denied. The Findings and Recommendations were served on Plaintiff and contained notice that any objections should be filed within thirty days. On August 23, 2013, Plaintiff filed objections to the Findings and Recommendations.

1

In his objections, Plaintiff reasserts his entitlement to an order enforcing a Parole Hearing Board dismissal of Pasadena Superior Court Case No. GA043414.  Plaintiff contends that he is entitled to such order based on Federal Rule of Civil Procedure 70 and Marquez v. Guiterrez, 51 F.Supp.2d 1020 (E.D. Cal. 1999).  As determined by the Magistrate Judge, Federal Rule of Civil Procedure 70 does not apply to his request.  Rule 70 only applies when a party refuses comply with a judgment entered by this Court.  Fed. R. Civ. P. 70.

Additionally, Marquez v. Guiterrez is inapplicable in this action.  In Marquez, the court determined that a prisoner's section 1983 claim of excessive force would not necessarily imply the invalidity of his disciplinary conviction and was not barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).  Marquez, 51 F.Supp.2d at 1025.  Here, however, Plaintiff claims that he has been falsely imprisoned and seeks an order enforcing dismissal of a state court case.  The Magistrate Judge properly determined that Plaintiff essentially requests that the Court order his release from prison and that Plaintiff's section 1983 action cannot be used to challenge his conviction or sentence.  Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on August 2, 2013, are adopted in full;

2. Plaintiff's motion for an order enforcing administrative judgment, filed on September 4, 2012, is DENIED; and

3. Plaintiff's motion for an order enforcing administrative judgment, filed on December 3, 2012, is DENIED.

IT IS SO ORDERED.

Dated: **August 27, 2013**         **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE