# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, et. al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01589-LJO-BAM PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 23.)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Michael Anthony Miller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also asserts a federal RICO claim pursuant to 18 U.S.C. § 1961. Plaintiff initiated this action in the Sacramento Division of the United States District Court for the Eastern District of California on May 3, 2012. (ECF No. 1.) The action was transferred to the Fresno Division of this court on September 27, 2012. (ECF No. 15.) On July 31, 2013, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 20.) Plaintiff's first amended complaint, filed on August 23, 2013, is currently before the Court for screening.

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. However, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Claims**

Plaintiff is currently incarcerated at Kern Valley State Prison. Plaintiff names more than forty-five different defendants, including Governor Edmund G. Brown, State Attorney General Kamala Harris, Los Angeles County District Attorney Steve Cooley, Judges Teri Schwartz, Marry House, D. Franson and J. Byrne, peace officers and medical employees of the California Department of Corrections and Rehabilitation, Atascadero State Hospital, employees of Atascadero State Hospital Lee Portor, B. Proctor, Linda Arenson and T. Olmas, the State Inspector General, the State Parole Hearing Board and Los Angeles County attorneys Gigi Gordon and James Bisnow. (ECF No. 23, ¶¶ 4-14.)

1    The allegations in Plaintiff's first amended complaint mirror those alleged in his original
2  complaint. The Court summarizes Plaintiff's allegations, which are disjointed and unclear, as follows:
3  Plaintiff was arrested and charged with attempted murder in Van Nuys Superior Court Case No.
4  A961175. A jury acquitted Plaintiff, but a rogue judge sentenced him to prison under the pretense that
5  the jury found Plaintiff guilty for certain crimes that are being used as strikes. While Plaintiff was
6  serving his prison term for attempted murder, Plaintiff exposed blood sports and false labeling by
7  rogue prison officials and mental health doctors. As reprisal, they caused Plaintiff to be falsely
8  imprisoned at Atascadero State Hospital from February 1997 to July 1998. While there, Plaintiff was
9  a victim of rape by Defendants Proctor and Porter, along with other sexual predator females that
10 Plaintiff reported to San Luis Obispo Court. Judge C. Money heard tape recording proof witnessed by
11 Defendants Arenson and Olmas. Plaintiff was ordered to be released.

12    Plaintiff was stalked by Defendant Proctor from 1998 to 2000. Plaintiff reported to a parole
13 agent that Defendant Proctor was one of the sexual predator females who had raped Plaintiff, but
14 Plaintiff was forced to marry Defendant Proctor to avoid false terrorist threats that Defendant Proctor
15 continued to make, guaranteeing that Plaintiff would be falsely imprisoned if he continued to report
16 her.

17    Plaintiff alleges that he has been housed a various facilities for more than eleven years. He
18 asserts that he was falsely imprisoned based on certain fabricated charges. While he was held at
19 Pleasant Valley State Prison, Plaintiff was exposed to Valley Fever and arsenic in the drinking water.

20    Plaintiff alleges that his personal property was confiscated for purposes of his transfer to
21 California Substance Abuse Treatment Facility. His radio, sunglasses and television were deliberately
22 damaged and disposed of by prison personnel.

23    Plaintiff asserts causes of action for: (1) violation of Bane Act for false imprisonment; (2)
24 violation of the rape elimination act; (3) violation of the Unruh Act; (4) assault; (5) slander; (6) false
25 imprisonment; (7) negligence; (8) conspiracy; (9) misprision; (10) defamation; (11) retaliation; (12)
26 breach of duty; (13) exposure to hazardous conditions; (14) threat to safety; and (15) violation of
27 RICO. Plaintiff seeks compensatory damages, along with declaratory and injunctive relief. As part of
28 his requested injunctive relief, Plaintiff requests an order refraining from false imprisoning him.

### III. Deficiencies of Complaint

Plaintiff's amended complaint again fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable section 1983 claim. Plaintiff will provided a final opportunity to amend his complaints and cure the deficiencies identified by the Court. To assist Plaintiff, the Court provides the following pleading and legal standards:

#### A. Federal Rule of Civil Procedure 8(a)

Pursuant to Rule 8, a complaint must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is disjointed, rambling and difficult to understand. If Plaintiff elects to amend his complaint, Plaintiff must clearly state which of his rights he believed were violated and how those rights were violated by defendants.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

4

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

In his complaint, Plaintiff failed to identify and clearly link multiple defendants to the causes of action alleged. Rather, Plaintiff makes several conclusory statements regarding an alleged joining of minds by multiple defendants. Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's rights.

**C.  Federal Rule of Civil Procedure 18**

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, cross-claim, or third-party claim, may join, as independent or alternative claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir.2007) (citing 28 U.S.C. § 1915(g)).

Despite being informed that his complaint must comply with Rule 18, Plaintiff continues to assert claims against multiple defendants concerning different incidents at different facilities over a period of several years. For example, Plaintiff alleges that Defendants Proctor and Schwartz violated the Rape Elimination Act at Atascadero State Hospital. However, in an unrelated cause of action, Plaintiff alleges that he was transferred to Kern Valley State Prison where he was exposed to Valley Fever and forced to drink arsenic water.

As Plaintiff was previously informed, his underlying claim of false imprisonment does not provide a basis for asserting unrelated claims against different defendants in a single suit. Plaintiff may not bring unrelated claims against different defendants. Plaintiff will be provided one final opportunity to cure this deficiency. If Plaintiff fails to cure this deficiency, his complaint will be dismissed without further leave to amend.

**D. False Imprisonment**

The crux of Plaintiff's complaint is that he has been falsely imprisoned for approximately eleven years. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 .... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnote omitted); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (per curiam) ("*Heck* precludes a section 1983 claim based on actions which would render a conviction or sentence invalid where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus.") (internal quotation marks and citation omitted).

Plaintiff's assertions of false imprisonment in various state prisons for eleven years challenges the "fact or duration of [plaintiff's] confinement[.]" Heck, 512 U.S. at 481. Such allegations fall squarely within the category of "actions whose unlawfulness would render a conviction or sentence invalid[.]" Id. at 486; see also Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam) (concluding that Sixth Amendment claim of ineffective assistance of counsel brought under Section 1983 was precluded under Heck ). Thus, if Plaintiff prevailed on his Section 1983 claims against defendants, it "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. As such, he may not pursue them in this action unless he can demonstrate that his conviction and sentence have been invalidated. Although Plaintiff claims that he was ordered released, he has not conclusively demonstrated that the relevant conviction or sentence that he currently is serving has been invalidated.

///

///

**E. RICO**

RICO allows a private citizen to sue to recover damages for injury by reason of a violation of section 1962, which prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity or through the collection of an unlawful debt. See 18 U.S.C. § 1962. To establish liability under RICO, the plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).

Plaintiff's rambling allegations related to false imprisonment fail to implicate any of the predicate acts for racketeering activity listed in 18 U.S.C. § 1961(1). See Clark v. Time Warner Cable, 523 F.3d 1110, 1116 (9th Cir. 2008) ("[T]o state a RICO claim, one must allege a "pattern" of racketeering activity, which requires at least two predicate acts.") (citations omitted).  "[F]alse imprisonment is not a business or property injury compensable under RICO." Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1086 (C.D. Cal. 2008) (citation omitted).  Accordingly, Plaintiff has failed to allege the necessary elements to support a cognizable RICO claim.  It does not appear that he can cure this deficiency.

**F. Eighth Amendment – Conditions of Confinement**

Although not entirely clear, Plaintiff's causes of action entitled "exposure to hazardous conditions" and "threat to safety" appear to include a claim for violation of the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation that amounts to a denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834.  Prison officials must have acted with deliberate indifference. Id.  A prison official is liable under the Eighth Amendment only if

7

he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

In this case, Plaintiff alleges that he was exposed to Valley Fever, arsenic water, assaults, battery, blood sports and false imprisonment. With regard to alleged exposure to assaults, battery and blood sports, Plaintiff has provided conclusory and disjointed allegations against all defendants, with the exception of Plunket, Olmas and Arensen, for such exposure. Plaintiff has failed to link specific defendants to his claims.

With regard to his claims of exposure to Valley Fever and arsenic water, Plaintiff does not clearly indicate if he in fact contracted Valley Fever or whether he suffered any ill effects from the arsenic in his water. Further, Plaintiff fails to allege any facts demonstrating that any of the defendants acted with deliberate indifference. Plaintiff's conclusory statements are not sufficient.

### G. Eighth Amendment – Excessive Force

Plaintiff brings a claim for assault against Defendant Hendricks. He also alleges battery by an unknown defendant. The Court construes these claims as containing a cause of action for excessive force in violation of the Eighth Amendment.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. at 7 (internal quotation marks and citations omitted).

Plaintiff appears to allege that Defendant Hendricks used excessive force by pulling Plaintiff by the wrist. However, Plaintiff fails to provide any facts regarding the circumstances surrounding the use of force. As such, the Court is unable to determine whether it is plausible that Defendant Hendricks used force "in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." Hudson, 503 U.S. at 7. Accordingly, Plaintiff fails to state a cognizable excessive force claim under the Eighth Amendment against Defendant Hendricks. See Iqbal, 129 S. Ct. at 1949.

Plaintiff also fails to state a cognizable excessive force claim for battery against an unidentified defendant. Plaintiff has not clearly delineated the factual allegations underlying this claim.

### H. Conspiracy

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff fails to allege any facts supporting the existence of a conspiracy between defendants. Plaintiff's conclusory statements and allegations are not sufficient.

### I. Retaliation

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the

plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Here, Plaintiff alleges that defendants retaliated against him by falsely imprisoning him. Plaintiff's retaliation cause of action implies the invalidity of his conviction or sentence and he may not pursue it in this action.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a cognizable section 1983 claim upon which relief may be granted. However, the Court will provide Plaintiff with a final opportunity to file an amended complaint curing the deficiencies identified in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims. Plaintiff also may not include unrelated claims against multiple defendants, Fed. R. Civ. P. 18(a), or assert claims barred by Heck v. Humphrey. Additionally, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit. Accordingly, Plaintiff's amended complaint shall not exceed twenty-five (25) pages.

Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a second amended complaint that does not exceed twenty-five pages, within thirty (30) days from the date of service of this order; and

**3.      If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **December 17, 2013**            /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

11