**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ANTHONY MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01589-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 31)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Michael Anthony Miller ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also asserts a federal RICO claim pursuant to 18 U.S.C. § 1961. Plaintiff initiated this action in the Sacramento Division of the United States District Court for the Eastern District of California on May 3, 2012. (ECF No. 1.) The action was transferred to the Fresno Division of this court on September 27, 2012. (ECF No. 15.) On July 31, 2013, the Court dismissed Plaintiff's original complaint with leave to amend. (ECF No. 20.) On December 18, 2013, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 28.) Plaintiff's second amended complaint, filed on January 24, 2014, is currently before the Court for screening.

**I.     Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff currently is housed at Kern Valley State Prison. In his second amended complaint, Plaintiff names more than forty defendants, including: Governor Edmund G. Brown, Attorney General Kamala Harris, Los Angeles County District Attorney Steve Cooley, Judges Teri Schwartz, Marry House, D. Franson and J. Byrne, employees of the California Department of Corrections and Rehabilitation, employees of the Los Angeles County Sherriff's office, the State Inspector General,

2

Atascadero State Hospital, employees of Atascadero State Hospital, the State Parole Hearing Board, and Public Defenders Gigi Gordon and James Bisnow. (ECF No. 31, pp. 4-5, 8.)

Plaintiff's allegations are disjointed and difficult to understand. The Court therefore summarizes Plaintiff's allegations as follows: Plaintiff was arrested in November 1987 and charged with attempted murder in Van Nuys Superior Court Case No. A961175. The jury acquitted Plaintiff of the charges, but rogue judge Alen Haber sentenced Plaintiff to prison on the pretense that the jury found Plaintiff guilty under certain Penal Code sections.

While serving his illegal prison term for attempted murder, Plaintiff exposed "blood sports and false labeling whistle blowers mentally ill policies, employed by rogue Prison Officials and Mental Health Doctors." (ECF No. 31, p. 6, ¶ 23.) In reprisal, Plaintiff was falsely imprisoned at Atascadero State Hospital from February 1997 to July 1998. Plaintiff appears to contend that while at Atascadero State Hospital he was the victim of rape by Defendants Proctor and Porter, along with other sexual predator females. Plaintiff reported the predators to San Luis Obispo Court Judge C. Money in Case No. F269700. Judge Money heard tape recording proof, witnessed by Defendants Arenson and Olmas, and Plaintiff was ordered to be released.

Plaintiff was stalked by Defendant Proctor from 1998 to 2000. In 2000, Plaintiff reported to a parole agent that Defendant Proctor was one of the sexual predator females who had raped Plaintiff. Plaintiff was forced to marry Defendant Proctor to avoid false terrorist threats made by Defendant Proctor, guaranteeing that Plaintiff would be falsely imprisoned if Plaintiff continued to report her.

From 1997-2014, Plaintiff has been held at the Los Angeles Twin Tower County Jail, Kern Valley State Prison, High Desert State Prison, Salinas Valley State Prison, California Substance Abuse Treatment Facility, Pleasant Valley State Prison and Mule Creek State Prison.

Plaintiff alleges that the affirmative acts of defendants were their nepotism and remaining silent about the conspiracy to keep him falsely imprisoned. Plaintiff purportedly informed each of the defendants in this case that they were joining a conspiracy initiated and set in motion by Defendants Proctor, Schwartz, Nikoa, Baca, Manier, Bisnow, Cooley, Bodin, Brown, Harris, and Schwarzenegger. After defendants were informed that Plaintiff was a victim of sexual predator females, they remained

1  silent and engaged in nepotism conduct to facilitate the conspiracy to maintain Plaintiff's false
2  imprisonment.
3        Plaintiff further alleges that Defendants Yates, Brown Kernan, Harris, Schwarzenegger, Bartz,
4  Faulker, Akins, Smith, Mildreth, Fisher, Webster, Tann, Allison, Becker, Allen and other officials
5  knew that Kern Valley State Prison was an endemic prison, the Warden had been told by the Health
6  Department that prisoners were being forced to drink arsenic water, and the continued changing of the
7  projection date for the water to be fixed violated clearly established laws. Plaintiff asserts that he and
8  other at risk inmates were denied transfers. Plaintiff now suffers from a skin condition and health
9  conditions, including continued exposure to Valley Fever conditions.
10        Plaintiff next alleges that after requesting Defendants Cooley, Bodin, Mason, Schwartz, Baca,
11  Bisnow, and Atascadero Hospital Police arrest and prosecute Defendant Proctor, he was prosecuted
12  for the same charges that he requested against Defendant Proctor. Plaintiff contends that Defendant
13  Proctor fabricated her alleged bruises and abrasions and violated Plaintiff's TRO.
14        Plaintiff claims that while he was illegally held at the Los Angeles County Jail his home was
15  sold without his consent for $182,000 based on Defendant Proctor's false claim that Plaintiff owed to
16  a creditor.
17        Plaintiff asserts that by remaining silent regarding his false imprisonment, certain defendants
18  failed to prevent Defendant Hendricks from assaulting Plaintiff by pulling the link of Plaintiff's
19  handcuffs and then pepper spraying Plaintiff. Plaintiff further alleges that Defendant Kane covered up
20  the assault and Defendants Akins, Faulker, Hildres, Smith, Webster, Kerna, Yates, Fisher, Allison,
21  Bartz and Sherrill failed to report the assault by Defendant Hendricks and the cover-up by Defendant
22  Kane.
23        Plaintiff brings the following causes of action: (1) violation of RICO; (2) retaliation; (3) breach
24  of fiduciary duty based on his retention in prison; (4) misprision; (5) negligence; (6) violation of the
25  Bane Act based on his false imprisonment; (7) assault; (8) conditions of confinement in violation of
26  the Eighth Amendment; (9) false imprisonment; (10) conspiracy to keep Plaintiff falsely imprisoned;
27  and (11) violation of the Prisoner Rape Elimination Act. Plaintiff seeks declaratory and injunctive
28  relief, including an order that Defendants refrain from effectuating the imprisonment of Plaintiff,

4

along with compensatory and punitive damages. Plaintiff also attempts to bring a criminal complaint against certain defendants. (See ECF No. 31, pp. 29-38.)

### III. Deficiencies of Complaint

#### A. Federal Rule of Civil Procedure 8(a)

Pursuant to Rule 8, a complaint must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's second amended complaint is disjointed, rambling and difficult to understand. Despite being provided with the relevant pleading standards and multiple opportunities to correct this deficiency, Plaintiff has failed to do so. Further leave to amend is not warranted.

#### B. Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, cross-claim, or third-party claim, may join, as independent or alternative claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir.2007) (citing 28 U.S.C. § 1915(g)).

Despite being informed that his complaint must comply with Rule 18, Plaintiff continues to assert claims against multiple defendants concerning different incidents at different facilities over a

period of several years. For example, Plaintiff alleges that he was falsely imprisoned at Atascadero State Hospital and in state prison. However, in an unrelated cause of action, Plaintiff alleges that he was transferred to Kern Valley State Prison where he was exposed to Valley Fever and prisoners were forced to drink arsenic water.

As Plaintiff was previously informed, his underlying claim of false imprisonment and his unsupported claim of conspiracy do not provide a basis for asserting unrelated claims against different defendants in a single suit. Plaintiff was provided one final opportunity to cure this deficiency, but has been unable to do so.

### C. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

In his complaint, Plaintiff failed to identify and clearly link multiple defendants to the causes of action alleged. Rather, Plaintiff makes several conclusory statements regarding an alleged conspiracy by multiple defendants. Plaintiff has failed to link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's rights.

### D.     False Imprisonment

The crux of Plaintiff's complaint is that he has been falsely imprisoned for approximately eleven years. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

6

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnote omitted); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (per curiam) ("*Heck* precludes a section 1983 claim based on actions which would render a conviction or sentence invalid where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus.") (internal quotation marks and citation omitted).

Plaintiff's assertions of false imprisonment in various state prisons for eleven years challenges the "fact or duration of [plaintiff's] confinement[.]" Heck, 512 U.S. at 481. Such allegations fall squarely within the category of "actions whose unlawfulness would render a conviction or sentence invalid[.]" Id. at 486; see also Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam) (concluding that Sixth Amendment claim of ineffective assistance of counsel brought under Section 1983 was precluded under *Heck* ). Thus, if Plaintiff prevailed on his Section 1983 claims against defendants, it "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. As such, he may not pursue them in this action unless he can demonstrate that his conviction and sentence have been invalidated. Although Plaintiff claims that he was ordered released, he has not conclusively demonstrated that the relevant conviction or sentence that he currently is serving has been invalidated.

### D. Conspiracy

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th

Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff fails to allege any plausible facts supporting the existence of a conspiracy between defendants. Indeed, Plaintiff's assertion that he informed defendants that they were engaging in a conspiracy does not demonstrate that the participants shared a common objective. Plaintiff's conclusory statements and allegations are not sufficient.

### E.  RICO

RICO allows a private citizen to sue to recover damages for injury by reason of a violation of section 1962, which prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity or through the collection of an unlawful debt. See 18 U.S.C. § 1962. To establish liability under RICO, the plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).

Plaintiff's rambling and fanciful allegations related to false imprisonment fail to implicate any of the predicate acts for racketeering activity listed in 18 U.S.C. § 1961(1). See Clark v. Time Warner Cable, 523 F.3d 1110, 1116 (9th Cir. 2008) ("[T]o state a RICO claim, one must allege a "pattern" of racketeering activity, which requires at least two predicate acts.") (citations omitted). "[F]alse imprisonment is not a business or property injury compensable under RICO." Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1086 (C.D. Cal. 2008) (citation omitted). Accordingly, Plaintiff has failed to allege the necessary elements to support a cognizable RICO claim. Plaintiff has been unable to cure this deficiency.

### F.     Eighth Amendment – Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation that amounts to a denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id. A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

In this case, Plaintiff alleges that he was exposed to Valley Fever, arsenic water, and blood sports. With regard to alleged exposure to blood sports, Plaintiff has provided conclusory, disjointed allegations and has failed to link specific defendants to his claims.

With regard to his claims of exposure to Valley Fever and arsenic water, Plaintiff does not clearly indicate if he in fact contracted Valley Fever or if he in fact consumed water containing arsenic. Plaintiff's general allegations that he suffers from a skin condition and other health issues does not demonstrate that he suffered any ill effects from mere exposure. Further, Plaintiff fails to allege any facts demonstrating that any of the defendants acted with deliberate indifference to Plaintiff's medical needs or that Plaintiff was an at-risk individual. Plaintiff's conclusory statements are not sufficient.

### F. Eighth Amendment – Excessive Force

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. at 7 (internal quotation marks and citations omitted).

Plaintiff appears to allege that Defendant Hendricks used excessive force by pulling Plaintiff's handcuffs and using pepper spray.  However, Plaintiff fails to provide any facts regarding the circumstances surrounding the use of force and the Court is unable to determine whether it is plausible that Defendant Hendricks used force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.  Plaintiff previously was informed of the deficiencies in this cause of action, but has been unable to cure them.  Accordingly, Plaintiff fails to state a cognizable excessive force claim under the Eighth Amendment against Defendant Hendricks. See Iqbal, 129 S. Ct. at 1949.

### G.  Retaliation

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Here, Plaintiff alleges that defendants retaliated against him by falsely imprisoning him. Plaintiff's retaliation cause of action implies the invalidity of his conviction or sentence and he may not pursue it in this action.

### H.  Prison Rape Elimination Act

The Prison Rape Elimination Act, 42 U.S.C. § 15602, does not give rise to a private cause of action. See Porter v. Jennings, 2012 WL 1434986, *1 (E.D. Cal. Apr. 25, 2012); Law v. Whitson,

2009 WL 5029564, *4 (E.D. Cal. Dec. 15, 2009) (Prison Rape Elimination Act does not create a private right of action, nor does it create a right enforceable under Section 1983); Inscoe v. Yates, 2009 WL 3617810, *3 (E.D. Cal. Oct. 28, 2009). Accordingly, Plaintiff cannot state a cognizable section 1983 claim based on the Prison Rape Elimination Act.

### IV. Conclusion and Recommendation

Plaintiff's second amended complaint fails to comply with relevant pleading standards and fails to state a cognizable section 1983 claim. Plaintiff's second amended complaint also fails to comply with previous court orders regarding the applicable pleading and legal standards. As Plaintiff has had multiple opportunities to cure the deficiencies identified by the Court and has failed to do so, further leave to amend shall not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim; and
2. The dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 5, 2014**              /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE