1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL ANTHONY MILLER,              )   Case No.: 1:12-cv-01589-LJO-BAM (PC)
                                          )
12                   Plaintiff,           )   ORDER DENYING MOTION TO REOPEN CASE
                                          )   FOR CAUSE PURSUANT TO FEDERAL RULE
13          v.                            )   OF CIVIL PROCEDURE 60(b)
                                          )
14   EDMUND G. BROWN, et al.,             )
                                          )   (ECF No. 39)
15                   Defendants.          )
                                          )
16   _____ )

17          Plaintiff Michael Anthony Miller ("Plaintiff") is a state prisoner proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff also asserts a federal

19   RICO claim pursuant to 18 U.S.C. § 1961.

20          On February 6, 2014, the Magistrate Judge issued Findings and Recommendations

21   recommending that Plaintiff's case be dismissed for failing to state a claim.  (ECF No. 32.)  On

22   February 28, 2014, the Court issued an order adopting those Findings and Recommendations, issued a

23   judgment dismissing this case, and closed the case.  (ECF Nos. 34, 35.)  Shortly thereafter, on March

24   17, 2014, Plaintiff filed a notice of appeal of this Court's judgment and order dismissing his case to the

25   United States Court of Appeal for the Ninth Circuit.  (ECF No. 36.)  His appeal was processed by the

26   Circuit Court, and on May 13, 2014, the Circuit Court dismissed Plaintiff's appeal on the basis that it

27   was so insubstantial as to not warrant further review.  (ECF No. 38.)

28

                                                    1

Currently before the Court is Plaintiff motion seeking to reopen his case pursuant to Federal Rule of Civil Procedure 60(b).  (ECF No. 39.)

## DISCUSSION

On August 14, 2015, over a year and five months since this case was closed, Plaintiff filed his Rule 60(b) motion, arguing that the Court committed an error in dismissing his case based on the Court's findings that (1) the facts he alleged were not sufficient to maintain the causes of action he brought; (2) it did not have jurisdiction over his claims; (3) certain defendants were entitled to immunity; and (4) his case was barred by established law.[1]  (Id. at 2.)  Plaintiff further argues that the Court was required to hold an evidentiary hearing prior to dismissing his case.  (Id.)

Under Federal Rule of Civil Procedure 60(c), a district court has no power to grant relief from a judgment or order on grounds of mistake, inadvertence, surprise or excusable neglect after one year has expired from the date of the judgment or order.  Fed. R. Civ. P. 60(c)(1); see also Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007).  Consequently, the time has long expired for Plaintiff to bring his motion challenging the Court's final judgment based on the legal errors he argues the Court committed.  As a result, his motion is time-barred.

Plaintiff argues that his motion is brought to challenge a void judgment under Rule 60(b)(4), and that therefore it may be brought at any time.  (ECF No. 39, p. 3.)  Although challenges to a judgment on the grounds that it is void are not subject to the one-year limitation in Rule 60(c)(1), Plaintiff has not asserted any grounds showing this Court's February 28, 2014 judgment is void.  "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final."  United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270, 130 S. Ct. 1367, 1377 (2010) (citations omitted).  "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.  'A judgment is not void,' for example,

---

[1]     As discussed further below, the Court did not rely on all of the grounds Plaintiff alleges in dismissing his case.  In addition to Rule 8(a) and Rule 18 pleading deficiencies, the reasons for dismissing Plaintiff's claims were as follows:  (1) his false imprisonment claim was dismissed for failure to demonstrate that his conviction and sentence have been invalidated; (2) his conspiracy claim and Eighth Amendment claims were dismissed for failure to allege sufficient, plausible facts in support; (3) his RICO claim was dismissed for failure to allege all of the necessary elements to support a cognizable claim; (4) his retaliation claim was dismissed because it sought to invalidate his conviction or sentence, which cannot be pursued in a section 1983 action; and (5) his claim under the Prison Rape Elimination Act was dismissed because that Act does not give rise to any private cause of action. (ECF Nos. 32, 34.)

2

1   'simply because it is or may have been erroneous.'" <u>Id.</u> (quoting <u>Hoult v. Hoult</u>, 57 F.3d 1, 6 (1st Cir.

2   1995)).  "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either

3   on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice

4   or the opportunity to be heard." <u>Id.</u> at 271 (citations omitted).

5       Plaintiff's challenges to this Court's judgment do not fall into one of those narrow categories.

6   He briefly argues the Court committed a jurisdictional error, (ECF No. 39, p. 2), but does not argue the

7   judgment is void due to a total lack of jurisdiction.  "Federal courts considering Rule 60(b)(4) motions

8   that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for

9   the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for

10  jurisdiction." <u>United Student Aid Funds, Inc.</u>, 559 U.S. at 271 (quoting <u>Nemaizer v. Baker</u>, 793 F.2d

11  58, 65 (2d Cir. 1986).  Plaintiff has not shown that his case fits that narrow exception.

12      Plaintiff also briefly argues the Court committed a violation of his due process rights by

13  denying him an evidentiary hearing prior to dismissing his case.  (ECF No. 39, p. 6.)  However,

14  Plaintiff cites no authority showing he is entitled as a matter of due process to an evidentiary hearing

15  prior to the dismissal of his action for failure to state a claim.  Evidentiary hearings are generally held

16  to resolve disputed issues of material fact, but in determining whether Plaintiff stated a claim, the

17  Court took all of Plaintiff's well-pleaded, non-conclusory allegations as true.  (ECF No. 32, p. 2.)  As

18  a result, there were no disputed facts for the Court to resolve in determining whether Plaintiff's

19  complaint could proceed, and no need for an evidentiary hearing.  <u>See</u> <u>Garcia v. U.S. Bancorp</u>, 579

20  Fed. App'x 581, 582 (9th Cir. 2014) (district court did not abuse its discretion by not holding an

21  evidentiary hearing were there were no disputed issues of fact material to its decision).

22      Even if Plaintiff's motion were not time-barred under Rule 60(c), he states no grounds for

23  relief.  He first argues that the Court erred in finding the defendants in his case were entitled to

24  immunity because they are elected, appointed or employed officials of the government  (ECF No. 39,

25  p. 3-4.)  Contrary to Plaintiff's allegations, the Court did not dismiss any of his claims on any such

26  grounds.  He also argues that laches and default judgment should not apply in his case.  (<u>Id.</u> at 4.)  The

27  Court did not rely on the doctrine of laches in dismissing his case, nor did it issue any default

28  judgment against him.

1   Plaintiff next argues that the Court erred in assuming he was imprisoned "legally and lawful

2   [sic]" and in relying on <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), in dismissing his false imprisonment

3   claim.  (ECF No. 39, p. 5.)  But the Court did not assume Plaintiff's imprisonment was lawful.  Rather,

4   it held that, under <u>Heck</u>, to pursue a Section 1983 claim for false imprisonment, a plaintiff must

5   demonstrate that his conviction and sentence have been invalidated, which Plaintiff failed to do here.

6   (ECF No. 39, p. 6-7)  Plaintiff raises no basis for undermining that finding, nor does he raise any

7   effective challenge to the application of the rule from <u>Heck</u> to his case.  Finally, Plaintiff argues he

8   was entitled to an evidentiary hearing to evaluate the merits of his case, and that the Court did not do

9   so here because the defendants had "titles as government elected, appointed or employed officials."

10  (ECF No. 39, p. 6).  As explained above, Plaintiff has not demonstrated that he was entitled to any

11  evidentiary hearing prior to dismissal of his action.  Instead, his case was properly dismissed at the

12  pleading stage for failure to state a claim for the reasons explained in the February 6, 2014 Findings

13  and Recommendations adopted by this Court, which did not included any of the defendants' status as

14  government officials or employees.  (ECF No. 33.)

15                                          **CONCLUSION**

16  For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to reopen case

17  for cause pursuant to Federal Rule of Civil Procedure 60(b) is DENIED.

18  IT IS SO ORDERED.

19  Dated:   **August 18, 2015**                    **/s/ Lawrence J. O'Neill**

20                                          UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

                                              4