UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MILLER,<br><br>            Plaintiff,<br><br>     v.<br><br>EDMUND G. BROWN, et al.,<br><br>            Defendants. | Case No.: 1:12-cv-01589-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO RECONSIDER DENIAL OF MOTION TO REOPEN CASE FOR CAUSE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)<br><br>(ECF No. 41) |

**I.     Introduction**

Plaintiff Michael Anthony Miller ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case was dismissed on February 28, 2014. (ECF Nos. 34, 35.) On August 18, 2015, this Court denied Plaintiff's motion to reopen this case for cause pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 40.) Currently before the Court is Plaintiff's second motion to reopen this case for cause pursuant to Rule 60(b), filed September 25, 2015. (ECF No. 41.)

**II.    Discussion**

The Court construes this motion as a motion to reconsider its denial of Plaintiff's Rule 60(b) motion. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS,

1

Inc., 5 F.3d 1255, 1262 (9th Cir.1993). Plaintiff argues in his reconsideration motion that the Court committed clear error in declining to reopen his case in two ways: by holding that certain claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and by failing to give effect to "Commercial Affidavits" that he submitted in support of his claims.

### A. Court's Reliance on Heck v. Humphrey

Plaintiff first argues that the Court committed clear error in dismissing his claims that he was retailed against by the defendants and falsely imprisoned, by assuming that those claims were based on the invalidity of the conviction for which he is currently incarcerated. (ECF No. 41.) Instead, he argues that his claims are based on other cases, specifically three cases with case numbers GA039962 (Los Angeles Superior Court), 492331 (Santa Barbara Superior Court), and F269700 (San Luis Obispo Court). (Id. at 3.)

The allegations of Plaintiff's second amended complaint belie his argument that he is not challenging the underlying conviction for which he is currently incarcerated. He specifically complained that he has been falsely imprisoned "for thirteen years" as of his January 2014 second amended complaint, and that the defendants conspired "to maintain the Plaintiff being false [sic] imprisoned based on the abated charges that the purported conviction and sentence rest on." (ECF No. 31, ¶¶ 26-27.) Plaintiff further requested that this Court take judicial notice of "the abated Pasadena Superior Court Case No. GA043414 . . . the same case Plaintiff is incarcerated for" and he alleged that the defendants were involved in a "conspiracy to maintain false imprisonment of Plaintiff." (Id.) He further alleged that the charges in the GA043414 case were fabricated, and that the defendants "all joined minds to maintain Plaintiff's continued custody by ignoring . . . letters that required Plaintiff's immediate release." (Id. at ¶ 30.) Finally, in his prayer for relief he sought, among other things, damages of $1,000,000 per year for "being held imprisoned for thirteen (13) years." (Id. at p. 24.)

Plaintiff provided the Court with documents which appear to show that in 1998 he was not ordered to be committed for mental health treatment, (ECF No. 31, p. 76-77), and that some charges in certain criminal matters in 2000 were dismissed, (Id. at 79, 83-84). He also alleged in his second amended complaint that these cases are part of a pattern of false charges and reports leading to false imprisonment that some of the defendants involved in his current false imprisonment previously

2

engaged in. (Id. at ¶ 25.) However, that previous matters may have been resolved in Plaintiff's favor does not demonstrate that the conviction which he is currently incarcerated for was invalidated. Plaintiff has shown no clear error in the Court's previously ruling that Heck bars his claims in this case.

### B. Commercial Affidavits

Plaintiff's second argument is that the Court erred in failing to give effect to documents he calls "Commercial Affidavits." (ECF No. 41, p. 4.) He argues that these documents require the defendants who were served with them, under the "law in Commerce," to answer his complaint or be adjudicated to have "admit[t]ed" the causes of action alleged by way of their silence/tacit procuration, according to the Commercial Affidavit Procedure. . . ." (Id.) He alleges that those claims admitted by the defendants here for not answering his commercial affidavits are essentially that they conspired to have him falsely imprisoned. (Id.)

Plaintiff's references to concepts of commercial law are unavailing; the law governing commercial transactions cannot be used to upset criminal convictions, even collaterally. See Carter v. Wands, 431 F. App'x 628, 629 (10th Cir.2011) ("Neither the U.C.C. nor any of the newly cited federal statutes provide a basis to challenge the conditions of his imprisonment under 28 U.S.C. § 2241."); see also Brzezinski v. Smith, No. 12–14573, 2013 WL 2397522, at *3 (E.D.Mich. May 31, 2013) ("The UCC speaks only to commercial law and does not provide a proper basis for appealing a criminal conviction, writing a habeas petition, or bringing a civil rights action . . . . Any appeal, habeas petition, or civil rights action that relied on the UCC would be frivolous."). Plaintiff's arguments based on the commercial affidavit procedure are frivolous, and do not show any clear error by the Court.

### III. Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the Court's denial of his Rule 60(b) motion is DENIED.

IT IS SO ORDERED.

   Dated:  **October 16, 2015**          /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE